UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARIA SEFORA SANTA, et al.,

    Defendants.

_____/

NO. CR. S-08-0468 KJM

ORDER

        Defendant Fabian Leonte is charged, along with four co-defendants, with participating in a scheme involving straw buyers' purchase of homes sold at inflated values; when escrows closed, the excess funds in the escrow accounts allegedly were transferred to accounts controlled by various defendants without being spent on the home repairs required by the purchase and loan agreements. In the superseding indictment filed on March 19, 2009, defendant Leonte is charged in three counts of mail fraud (counts 1-3), four counts of false statements in loan applications (counts 10-13), and two counts of engaging in monetary transactions exceeding $10,000 in property derived from specified unlawful activity (counts 16, 19).

        On October 27, 2011, defendant filed a motion to sever trial of the co-defendants from his trial generally, and specifically to sever other mail fraud counts against other defendants, and identity theft counts against defendants Maria and Virgil Santa. The

government filed opposition on December 9, 2011. The parties argued the motion on January 30, 2012, after which the motion was submitted. On March 28, 2012, following receipt of a letter from defendant Leonte, the court held an *in camera* hearing regarding the status of counsel, after which it relieved the counsel who had filed the motion to sever and appointed new counsel.[1] The court then provided new counsel an opportunity to clarify defendant's position with respect to the motion to sever.

At a status hearing on April 3, 2012, defendant's new counsel confirmed defendant was standing on the motion to sever as previously briefed, with the exception of correcting one typographical error. Also at the status, the court granted the government's motion to dismiss counts 10 through 13, all counts of false statements in loan applications. The court denied the motion from the bench; this order confirms that denial.

The Federal Rules of Criminal Procedure provide, in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011), *cert. denied*, __ U.S. __, 2012 WL 425232 (Mar. 19, 2012). In light of this preference, severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir.), *cert. denied*, __ U.S. __, 131 S. Ct. 243 (2010).

Here, defendant argues he will be prejudiced by a joint trial, given that the counts in which only other codefendants are charged are based on activity that occurred in a "totally different time frame" from the activity charged in the counts against him, and that no evidence

---

[1] On one prior occasion while the motion to sever was pending, the court had denied defendant's request for new counsel. *See* ECF 190 (minutes of 1/23/12 status).

2

ties him to those other counts. Given what defendant says is a relatively small amount of evidence related to his actions, defendant argues that limiting instructions will be insufficient to channel the jury's compartmentalizing of evidence so as to avoid pinning liability on defendant for other co-defendants' wrongful acts. Although defendant and at least one codefendant noted at argument that there likely will be "finger-pointing at each other" at any trial, defendant has not argued specifically that he and his codefendants are advancing mutually exclusive defenses.

The government argues that all of the home purchases underlying the indictment occurred in a relatively short time period, between February and July 2006. It further argues that codefendant Maria Santa was the loan officer for each transaction, and codefendant Sava was the person who located the straw buyers. Given these common characteristics of the transactions at issue, and the relatively small number of codefendants, the government argues there is no undue prejudice to defendant, and that any potential prejudice can be precluded through clarifying jury instructions.

On this record, the court cannot find the kind of "serious risk" that any defendant's particular trial rights will be compromised so as to justify severance of defendants or counts. Carefully crafted jury instructions will be sufficient to ensure the jury reaches a reliable judgment regarding defendant's guilt or innocence.

In his motion to sever, defendant also references *Bruton v. United States*, 391 U.S. 123 (1968), and the potential Confrontation Clause risks associated with introduction of incriminating statements by nontestifying codefendants. He does not identify any particular statements of concern. At the April 3 hearing, the government's counsel indicated he does not anticipate seeking to introduce any such statements.[2] Accordingly, the court finds no need to review codefendant statements *in camera* prior to trial.

/////

---

[2] Defendant's written motion also requests a "*James* hearing" to determine in advance of trial "what co-conspirator statements are and are not admissible at trial." This request is an apparent reference to *United States v. James*, 590 F.2d 575 (5th Cir. 1979). As defense counsel conceded at the April 3 hearing, a pretrial hearing to review co-conspirator statements is at least discretionary, if not disfavored, in the Ninth Circuit. *See United States v. Zemek*, 634 F.2d 1159, 1169 n.13 (9th Cir. 1980).

| | |
|---|---|
| 1 | For the foregoing reasons, and as announced from the bench on April 3, |
| 2 | defendant's motion to sever is DENIED. |
| 3 | DATED: April 9, 2012. |

_____
UNITED STATES DISTRICT JUDGE